IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBIN L. GEARHEART,

        Plaintiff,

    v.                                        Case No. 13-2160-SAC

CLICKSPEED MARKETING, INC., and
CLICKSPEED MARKETING 401(K) PROFIT
SHARING PLAN AND TRUST 353481,

        Defendants.

## MEMORANDUM AND ORDER

This case comes before the Court on Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ. Pro 12(b)(6) and 12(b)(1). Defendants ClickSpeed Marketing, Inc., (ClickSpeed) and ClickSpeed Marketing 401(K) Profit Sharing Plan and Trust 353481 contend that the Complaint's ERISA claim fails to state a claim for relief, and that the court lacks subject matter jurisdiction over all other counts.

**Undisputed Facts**

The relevant facts are undisputed. Plaintiff, a Kansas resident, was employed by ClickSpeed as Vice President of Business Development at ClickSpeed's office in Overland Park, Kansas from approximately December of 2008 through November of 2012.

After Plaintiff's separation from employment, she filed her original Complaint against Clickspeed in the U.S. District Court, asserting only

diversity jurisdiction and state law causes of action. On April 24, 2013, defense counsel called Plaintiff's counsel to request the case be dismissed from federal court and refiled in state court due to lack of federal subject matter jurisdiction. Defense counsel repeated that request to Plaintiff's counsel the next day by email. Plaintiff maintained that the parties are diverse.

The day after the email was sent, Plaintiff filed an Amended Complaint, which adds the ERISA Plan as a defendant and adds an ERISA claim for benefits due. Plaintiff contends that she had planned to add the ERISA claim even before defense counsel contacted her. Defendants then filed this motion to dismiss. In response to the motion, Plaintiff contends that both diversity and federal question jurisdiction are proper.

**Documents Attached to the Motion**

Defendants have attached two documents to their memorandum in support of their motion to dismiss: a prototype ERISA plan document and the Adoption Agreement. *See* Dk. 10, Exhs. 1, 2. Together these documents constitute ClickSpeed's entire ERISA plan and trust document. Plaintiff contends that these documents are improperly attached because neither is central to her ERISA claim or is referenced in her Complaint. Plaintiff argues that any references to "the Plan" in her Complaint refer to the party to this case and not to a document, that the Complaint's singular reference to the "plan terms" is insufficient to incorporate by reference all 165 pages of the

Plan, and that the exhibits have not been authenticated, implying they are not "indisputably authentic," as required. Plaintiff asks the Court to disregard the exhibits, or to convert the motion into a summary judgment motion and permit discovery before ruling.

In response, Defendants note that Plaintiff did not specify any reason to doubt the authenticity of the plan. Nonetheless, Defendants attach a declaration under penalty of perjury from the President of ClickSPeed, properly attesting to the authenticity of the two exhibits. Dk. 17, Exh. A.

The law regarding this issue is well established.

> Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion. *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010). Exceptions to this general rule include the following: documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and " 'matters of which a court may take judicial notice.' " *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)). This court has explained that
>
>> if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.

*Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013), (quoting *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)). The declaration by ClickSpeed's President dispels any doubt that the documents are "indisputably authentic."

3

Further, the Court finds that the Amended Complaint repeatedly refers to the documents, as follows:

> 7. Plaintiff participated in the Clickspeed Marketing 401(k) Profit Sharing Plan and Trust 353481 (the "Plan"). As Plan Sponsor, Defendant Clickspeed makes contributions to the Plan in an amount based upon a percentage of the Plan participant's compensation. The Plan does not exclude bonus/commission payments from the definition of compensation. Clickspeed's failure to pay plaintiff for all compensation due and owing led to reduced Plan contributions in direct violation of the Plan and ERISA. 29 U.S.C. § 1104(a)(1)(D). Plaintiff seeks payment of all amounts due under the Plan, interest, attorneys' fees, costs, and expenses incurred in this action.
>
> 20. Clickspeed Marketing 401(k) Profit Sharing Plan and Trust 353481 is an employee benefit plan as defined in 29 U.S.C. § 1002(3) that is sponsored and administered by Clickspeed.
>
> 72. Plaintiff participated in the Plan.
>
> 73. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant or beneficiary of a plan to bring a civil action to recover benefits due under the terms of the plan, to enforce his rights under the terms of the plan, and to clarify his rights to further benefits under the plan.
>
> 74. ERISA § 404(a)(1)(D) requires that the Plan be administered in accordance with its terms. 29 U.S.C. § 1104(a)(1)(D).
>
> 75. The Plan bases contribution amounts upon a percentage of a participant's compensation. Per the Plan terms, all additional compensation sought in this action should have been included in the contribution calculation. Thus, Plaintiff is due additional Plan benefits.
>
> 76. Clickspeed's failure to properly calculate Plan contributions is a violation of ERISA and the Plan terms.

Dk. 4.

Given Plaintiff's definition of "the Plan" in paragraph 7, the Court finds these references to "the Plan" refer to the documents attached to

Defendants' memorandum. The Court further gives plain meaning to the words in her Complaint and finds that these documents are central to her ERISA claim. Accordingly, the challenged documents shall be considered in resolving the motion to dismiss, and the motion will not be converted to a summary judgment motion.

**Diversity Jurisdiction**

In response to the motion to dismiss, Plaintiff's counsel asserts that "the Court maintains both diversity and supplemental jurisdiction over Plaintiff's [non-ERISA] claims." Dk. 14, p. 3. But Plaintiff makes no argument in support of this bare legal conclusion, and shows no facts to support it. Accordingly, the Court finds Plaintiff has abandoned her claim to diversity jurisdiction. *See Maestas v. Segura*, 416 F.3d 1182, 1190 n. 9 (10th Cir. 2005) (finding plaintiffs abandoned claims by failing to "seriously address them in their briefs").

Alternatively, even assuming Plaintiff has preserved the issue, the Court finds no basis for diversity jurisdiction has been shown. The Amended Complaint alleges that Plaintiff resides in Kansas, and that ClickSPeed is a Nevada corporation whose officers are located in Nevada. Dk.4, p. 3. Defendants admits that ClickSpeed is a Nevada corporation that has a registered agent and "official contact information" in Nevada. Dk. 10, p. 3 n. 2. But Defendants also allege that ClickSpeed's sole place of business is in Kansas and that Plaintiff knows it. Plaintiff does not deny that allegation.

To establish diversity jurisdiction under 28 U.S.C. § 1332, the Plaintiff must establish that the amount in controversy exceeds $75,000 and that complete diversity exists between the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). For purposes of the diversity statute, a corporation is a citizen of both the state of its incorporation and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). And an individual is a citizen of the state of his or her domicile. "Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile." *Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir. 1966) (quoting *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954)).

When considering a Rule 12(b)(1) motion to dismiss, the court may weigh the evidence and make factual findings. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). But here, no party has offered affidavits or other evidence to establish any facts relevant to diversity. Based upon the facts alleged in the Amended Complaint and the facts not disputed in the parties' briefs, the Court finds that ClickSpeed is a citizen of Nevada and of Kansas, and that the Plaintiff is a citizen of Kansas. Accordingly, no diversity jurisdiction exists.

**Failure to State a Claim**

The Amended Complaint also alleges federal question jurisdiction based on Count VII, an ERISA claim for benefits. Defendants contend this claim fails under Rule 12(b)(6).

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Al–Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Thus, "a plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.' " *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming*, 656 F.3d at 1214.

Plaintiff's ERISA claim is brought pursuant to § 502(a)(1)(B). That section permits a civil action by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 USC § 1132(a)(1)(B). Plaintiff's Amended Complaint alleges, in relevant part:

> The Plan bases contribution amounts upon a percentage of a participant's compensation. Per the Plan terms, all additional compensation sought in this action should have been included in the contribution calculation. Thus, Plaintiff is due additional Plan benefits.

Dk. 4, p. 10. Other claims in the Amended Complaint make clear that the "additional compensation" alluded to consists of commissions she believes are due but unpaid. Those claims, all alleging unpaid commissions, are for violation of the Kansas Wage Payment Act, for breach of contract, for quantum meruit, for promissory estoppel, and for unjust enrichment.

Defendants contend that Plaintiff cannot base an ERISA claim on compensation allegedly owed but not paid, but the cases Defendants cite do not examine ERISA recovery of benefit claims. Instead, Defendants cite only cases dismissing ERISA record-keeping and breach of fiduciary duty claims. *See e.g.*, *Zipp v. World Mortg. Co.*, 632 F. Supp.2d 1117, 1119 (M.D. Fla 2009); *LePage v. Blue Cross & Blue Shield of Minn.*, 2008 WL 2570815 (D. Minn. June 25, 2008).

Because of the novelty of Plaintiff's ERISA claim, little case law is directly on point. But the non-viability of this claim is clear. Payroll practices

and payment of regular compensation are specifically excluded by regulation from ERISA plans:

> For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include (1) Payment by an employer of compensation on account of work performed by an employee, including compensation at a rate in excess of the normal rate of compensation on account of performance of duties under other than ordinary circumstances, such as-(i) Overtime pay, (ii) Shift premiums, (iii) Holiday premiums, (iv) Weekend premiums…

9 CFR § 2510.3-1 (b).

Further, the United States Supreme Court has explained that ensuring proper compensation to employees is not within ERISA's province:

> In enacting ERISA, Congress' primary concern was with the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from accumulated funds…. [T]he danger of defeated expectations of wages for services performed [is] a danger Congress chose not to regulate in ERISA.

*Massachusetts v. Morash,* 490 U.S. 107, 115, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989).

Proper compensation for hours worked is instead the province of other statutes such as the FLSA and its state counterparts. *See Perdue Farms, Inc. v. Travelers Cas. & Sur. Co. of Am.,* 448 F.3d 252, 261 (4th Cir. 2006) ("[ERISA] was not designed to address every conceivable aspect of an employee's monetary-rights, and it is not primarily concerned with hourly wages and overtime pay, the domain of the FLSA and its state counterparts."); *Desilvia v. North Shore–Long Island Jewish Health Sys., Inc.,* 770 F.Supp.2d 497, 544 (E.D.N.Y. 2011) ("violations of the wage and

hour laws should be remedied under the FLSA, not ERISA."); *Steavens v. Elec. Data Sys.,* No. 07–14536, 2008 U.S. Dist. LEXIS 61581, *7–16, 2008 WL 3540070 (E.D.Mich. Aug. 12, 2008) ("ERISA is designed to accomplish many worthwhile objectives, but the regulation of purely corporate behavior is not one of them.") (citing *Akers v. Palmer,* 71 F.3d 226, 229 (6th Cir. 1995). Cf, *Veliz v. Cintas Corp.,* No. 03-1180, 2003 WL 23857822, at *5 (N.D.Cal. Nov.4, 2003) ("If courts did not draw a bright line between ERISA plan decisions and business decisions, an entity could be liable for every decision that affects the ERISA plan, no matter how great the benefits to the business may otherwise be.")

Although the Tenth Circuit has not addressed this issue, the Seventh Circuit has held that ERISA does not require an employer to pay an employee the wage they have agreed on, and that commissions are not an ERISA benefit.

> The defendants had also promised to pay Leister, when she was employed by Dovetail, certain sales commissions that it failed to pay her. That sounds like a straightforward breach of contract claim under Illinois's common law of contracts (or possibly a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115, for failure to pay accrued wages owed to an employee), and Leister did include it in her complaint as a supplemental claim, 28 U.S.C. § 1367, to her ERISA claim. But she also tried to shoehorn it into ERISA by alleging that had she received the commissions she would have deposited them in her 401(k) account; and the district court accepted the argument. That was a mistake. ERISA does not require an employer to pay an employee the wage they have agreed on, whatever the employee might decide to do with the money; regular compensation is not an ERISA benefit. 29 C.F.R. § 2510.3-1(b)(1); *Massachusetts v. Morash,* 490 U.S. 107, 115-19, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989); *Stern*

*v. IBM*, 326 F.3d 1367, 1372-73 (11th Cir. 2003); *Anthuis v. Colt Industries Operating Corp.*, 789 F.2d 207, 213 n. 5 (3d Cir. 1986).

*Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). The Court finds this rationale to be persuasive. *See Henderson v. UPMC*, 640 F.3d 524, 530 (3d Cir. 2011) (finding plaintiff could bring her ERISA claim for benefits only after winning her state wage lawsuit); *Alexander-Jones v. Wal-Mart Stores, Inc.*, 2012 WL 215171, 4 -5 (N.D.Cal. 2012) (finding plaintiff's ERISA claims could not be brought until plaintiff won her Title VII case and the Plan fiduciary thereafter failed to make the required allocations). Accordingly, Plaintiff's ERISA claim shall be dismissed for failure to state a plausible claim for relief. Dismissal with prejudice is proper because plaintiff is unable to cure this deficiency in her complaint, and any amendment would be futile. *See Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990).

The Court finds it unnecessary to address Defendants' alternative argument that Plaintiff's ERISA claim should be dismissed for failure to exhaust administrative remedies.

**Supplemental Jurisdiction**

Plaintiff contends that even if no federal question or diversity jurisdiction exists, the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

The relevant statute provides that a federal court with original jurisdiction over one claim (such as an ERISA claim) may exercise

"supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Assuming this Court has discretion to exercise supplemental jurisdiction in this case, the Court considers the "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614 (1988).

Because of the early procedural posture of this case and the insubstantiality of the ERISA claim from the outset, the Court declines to exercise jurisdiction over the pendent state-law claims. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966). Additionally, if federal claims are dismissed before trial, the state-court claims should be dismissed without prejudice. *Id.; see also Lancaster v. Indep. Sch. Dist. No. 5,* 149 F.3d 1228, 1236 (10th Cir. 1998).

IT IS THEREFORE ORDERED that Defendants' motion to dismiss Count VII for failure to state a claim is granted, and that claim is dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's state-law claims are dismissed without prejudice.

Dated this 20th day of August, 2013, at Topeka, Kansas.


                                        s/ Sam A. Crow
                                        Sam A. Crow, U.S. District Senior Judge